UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAHI HASANATI,

    Petitioner,

v.                                                                Case No: 2:15-cv-54-FtM-38MRM

DAVID LAWRENCE and DIANE
ANDREWS,

    Respondents.
_____/

## OPINION AND ORDER[1]

Petitioner Jahi Hasanati, a prisoner in the custody of the Florida Department of Corrections who is also a proclaimed sovereign citizen, initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. #1) on January 30, 2015. Petitioner challenges a disciplinary report he received at Desoto Correctional Institution stemming from attempting to bite a correctional officer. Petitioner is now proceeding on his Amended Petition challenging the disciplinary report, of which the disciplinary team found him guilty. As a result, Petitioner served sixty-days in disciplinary confinement and forfeited ninety-days gain time (Doc. #11, Amended Petition).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Respondents filed a Response opposing the Petition (Doc. #18, Response) and attached supporting exhibits (Docs. #18-1 through #18-4). Respondents point out that Petitioner did not properly exhaust his challenge to the disciplinary report by filing a petition for relief in the State court. Response at 7-11. Consequently, Respondents argue that Petitioner's claims are unexhausted and procedurally defaulted. Id. Turning to address the merits, Respondents argue that Petitioner was afforded all of the due process protections required under the United States Constitution. Id. at 11-15.

**I. Factual History and Procedural Background**

Stemming from an incident that occurred around 4:00 p.m. on December 4, 2014, Hasanati was issued a disciplinary report ("DR") for "assault or attempted assault on a correctional officer" in violation of Florida Administrative Code Rule 33-601.314. Response at 4, Exh. 2. Immediately preceding the incident, Correctional Officer Woods, the coordinator for Desoto Correctional Institution's security threat group, questioned Hasanati about documents Hasanati had previously filed with Desoto's library clerk referencing the Uniform Commercial Code and the Sovereign Citizen movement. Doc. #18-2 at 1. In the disciplinary report, Woods explained that while he was questioning Hasanati about the sovereign citizen movement, Hasanati became "argumentative to the questioning of his legal work." Woods explained to Hasanati he would be going to administrative confinement pending the outcome of the investigation. Woods stated that Hasanati then began screaming down the hallway. Woods instructed Hasanati to submit to hand restraints, but he refused every order. Woods then went to grab Hasanati's right wrist while Hasanati was sitting down, at which point Hasanati tried to bite Woods arm.

Woods' disciplinary report identifies correctional officer Rinvil as a witness. Rinval's written witness statement confirms that Hasanati refused to obey every order, but does not state that Hasanati tried to bite Woods. Doc. #18-3 at 23.

Hasanati received notice of the charge on December 5, 2014. Doc. #18-2 at 1. An investigation into the charge commenced on December 5 and ended on December 8, 2014. Id. On December 11, 2014, the disciplinary hearing commenced with England and Stewart presiding. Id. Petitioner waived his right to be present at the disciplinary hearing and signed the 24 hour/refusal to appear waiver form. Doc. #18-2 at 10. The disciplinary team found Petitioner guilty as set forth in Woods' disciplinary report. The disciplinary finding further states that Rinvil witnessed Hasanati's actions. The disciplinary team also noted that Hasanati did not request any additional witnesses or evidence during the investigation, and that the team reviewed Hasanati's witness statement before reaching its conclusion.

## II. Standard of Review

### A. 28 U.S.C. § 2254 and Disciplinary Proceedings

A state prisoner who is deprived of gain time as a result of a prison disciplinary proceeding that allegedly violated due process may seek federal habeas review, but such review is governed by restrictions set forth under 28 U.S.C. § 2254. Medberry, 351 F.3d at 1054. Under the deferential review standard, habeas relief may not be granted regarding a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." Id. (internal quotations and citations omitted). See also Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be."Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, ___ U.S. ___, 130 S. Ct. 1171, 1173 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000))(recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the

state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012)(internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 131 S. Ct. 770. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. Id. (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has held that review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398. Thus, the Court is limited to reviewing only the record that was before the state court at the time it rendered its order. Id.

The Court recognizes that prison disciplinary proceedings are not part of a criminal prosecution, and therefore the full panoply of rights that are due a defendant in a criminal proceeding does not apply. Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation

omitted). "In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." Id.

In Wolff, the United States Supreme Court held "that written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564. Further, the Court held that "[a]t least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. The Court further explained "there must be a 'written statement by the fact finders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). The Court also noted "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. The Court explained its concern for institutional safety:

> Ordinarily, the right to present evidence is basic to a fair hearing; but the unrestricted right to call witnesses from the prison population carries obvious potential for disruption and for interference with the swift punishment that in individual cases may be essential to carrying out the correctional program of the institution. We should not be too ready to exercise oversight and put aside the judgment of prison administrators. It may be that an individual threatened with serious sanctions would normally be entitled to present witnesses and relevant documentary evidence; but here we must balance the inmate's interest in avoiding loss of good time against the needs of the prison, and some amount of flexibility and accommodation is required. Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence. Although we do not

> prescribe it, it would be useful for the Committee to state its reason for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases. Any less flexible rule appears untenable as a constitutional matter, at least on the record made in this case. The operation of a correctional institution is at best an extraordinary difficult undertaking. Many prison officials, on the spot and with the responsibility for the safety of inmates and staff, are reluctant to extend the unqualified right to call witnesses; and in our view, they must have the necessary discretion without being subject to unduly crippling constitutional impediments. There is this much play in the joints of the Due Process Clause, and we stop short of imposing a more demanding rule with respect to witnesses and documents.

Id. at 566-567.

An inmate facing a disciplinary charge, however, has no constitutional right to confrontation and cross-examination of witnesses furnishing evidence against him at the disciplinary hearing. Id. at 567. The Court left this matter to the sound discretion of the officials of the state prisons. Id. at 569. Finally, the disciplinary hearing committee must be sufficiently impartial in that it must not present "a hazard of arbitrary decision making." Id. at 571.

**B. Section 2254's Exhaustion Requirement**

A petitioner, when asserting grounds that warrant review by a federal court under § 2254, must have first raised such grounds before the state courts, thereby giving the state courts the initial opportunity to address the federal issues. A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. § 2254(b)(1)(A). This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts. Rhines v. Weber, 544 U.S. 269, 274 (2005).

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See also Duncan v. Henry, 513 U.S. 364, 365-66 (1995). "A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). See also Pruitt v. Jones, 348 F.3d 1355, 1358-59 (11th Cir. 2003), cert. denied, sub nom. Pruitt v. Hooks, 543 U.S. 838 (2004). To properly exhaust a claim, a petitioner must present the *same* claim to the state court he urges the federal court to consider. A mere citation to the federal constitution is insufficient for purposes of exhaustion. Anderson v. Harless, 459 U.S. 4, 7 (1983). "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

### III. Analysis

As set forth above, any claims Petitioner wished to pursue pertaining to the alleged false disciplinary report should have been filed by a petition for writ of mandamus in the Florida courts. Bush v. State, 945 So. 2d 1207, 1210 (Fla. 2006). And, Petitioner should have filed a petition for writ of habeas corpus before the Florida courts concerning any claims concerning his placement on CM-I status. See Kendrick v. McNeil, 6 So. 2d 657 (Fla. 1st DCA March 5, 2009)(finding Florida courts consistently ruled that an inmate seeking release from close management is entitled to proceed through a petition for writ of habeas corpus)(citations omitted). Because Petitioner did not pursue any claim in the

state court by filing a petition for writ of mandamus concerning the disciplinary infraction, his claims *sub judice* are unexhausted and now procedurally defaulted.

In the abundance of caution the Court further addresses the merits of Petitioner's claims. Each of the claims stems from the premise that Desoto Correctional Institution lacked the authority, or jurisdiction, to issue the disciplinary report, hold the disciplinary hearing, find Petitioner guilty, and ultimately impose a punishment of sixty days in disciplinary confinement and ninety days loss of gain time. Petitioner's claims have no merit. As set forth above, correctional institutions have the authority to maintain a safe and orderly institution for inmates and correctional officials.

To the extent Petitioner alleges a due process claim, the claim must be measured according to the test established by the United States Supreme Court in <u>Wolff v. McDonnell</u>. It is not a question of whether state law or an administrative departmental policy was violated, but rather the inquiry concerns whether Petitioner's allegations rise to the level of a federal constitutional violation, and whether the procedural deficiences are ones that violate Petitioner's due process rights guaranteed to him under the Fourteenth Amendment of the United States Constitution.

The facts in the record show that Petitioner received written notice including the charges against him and that the hearing would not take place prior to 24 hours of the delivery of the charges. The hearing commenced approximately seven days after Woods issued the disciplinary report. Petitioner was provided the opportunity to be present for the disciplinary hearing, but signed a waiver form, thereby waiving his presence at the hearing. During the disciplinary hearing, the team considered correctional officer Woods' statement, correctional officer Rivili's statement, and

Petitioner's statement to the contrary. Ultimately, the disciplinary hearing team found the correctional official's statement of the facts to be more reliable than Petitioner's lone statement, and found Petitioner guilty. Based on a review of the record, it is apparent that the committee relied upon facts to support their finding of guilt and did not reach an arbitrary and capricious decision. Thus, all of Petitioner's due process rights remained intact.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Amended Petition for Writ of Habeas Corpus (Doc. #11) is **DENIED**.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability on either petition. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", Miller-El v. Cockrell, 537 U.S. 322, 335-36

(2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this 31st day of August, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record